## WALTER COWETT, Pro Ami,

### *vs.*

## THE AMERICAN WOOLEN COMPANY.

### Somerset.    Opinion March 4, 1905.

*Negligence.    Master and Servant.    Assumption of Risk.*

1. One cannot be lawfully held guilty of negligence by reason of an act or omission which would not lead an ordinarily prudent, observant man giving the matter thought, to apprehend danger from it.

2. The existence upon the collar of a revolving shaft of a small set screw with an oval head one fourth of an inch in diameter and projecting only one sixteenth of an inch above the surface of the collar, is not such a circumstance as would lead such a man to apprehend danger from it to a workman having no occasion to grasp or touch the collar.

3. *Cowett* v. *American Woolen Company*, 97 Maine, 543 affirmed.

On exceptions by plaintiff.    Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff alleged to have been caused by the negligence of the defendant. After the evidence for the plaintiff was in, and on motion of the defendant, the court ordered a nonsuit. To this ruling the plaintiff excepted.

The case is stated in the opinion.

*Forrest Goodwin*, for plaintiff.

*Danforth & Gould*, for defendant.

SITTING: EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

EMERY, J. This is the second time this case has come before the law court on motion for a new trial. The opinion of the court at the former hearing may be found in 97 Maine, 543. The verdict for the plaintiff was then set aside mainly on the ground that his own testimony did not support his theory that the cause of his hurt was his finger being hit by the small set screw on the collar of a small

shaft revolving in close proximity to where his hand was employed cleaning a carding machine. On page 546, however, the court further declared that, granting the plaintiff's theory that his finger was hit by the set screw, the existence and condition of the screw did not show any breach of duty by the defendant.

The court said (p. 546) "That the oval head of the set screw projecting one sixteenth of an inch from the revolving collar near the plaintiff's hand, by coming in contact with his finger would cause him injury, or cause him to make any such involuntary movement as would be the occasion of such an accident or injury as that complained of in the present case, was a possibility so remote, a thing so unlikely to happen that it could not be foreseen or anticipated by the defendant in the exercise of reasonable care.".

At the second trial there was perhaps more evidence that the plaintiff's finger was hit by the screw, but the evidence as to the location and condition of the screw was the same as at the first trial. The plaintiff frankly conceded that the screw was all he complained of and now urges that the defendant was guilty of negligence because an oval screw head about one-fourth of an inch in diameter, with the usual slot, projected a sixteenth of an inch from a collar on a revolving shaft. We have re-examined the proposition in the light of his second argument, and are satisfied that the circumstance was too trivial to constitute negligence.

The small thin screw head was hardly anything more than a scarcely appreciable roughness on the surface of a shaft which the plaintiff had no duty to touch. It would be clearly unreasonable to hold that the defendant should have apprehended danger from it to any person having no occasion to come in contact with it.

The nonsuit was properly ordered.

*Exceptions overruled.*